MANN ET AL VS CARSON ET AL.

Opinion delivered October 19, 1904.

1. *Appeal—Motion for New Trial—When Out of Time.*

Under Sec. 5153 Mansf. Dig. (3358 Ind. Ter. Stat.) a motion for new trial filed without leave of court, 45 days after judgment, stating that defendants have just learned of the existence of the judgment in a case wherein they appeared and answered, does not show that they were unavoidably prevented from filing same within three days after verdict, is out of time and subject to be stricken from the record.

2. *Pleading—Unsigned—Lack of Jurisdiction—Waiver.*

An objection that the court was without jurisdiction because the judgment was founded on a complaint not signed by plaintiff or her attorneys, is not well taken when raised for the first time on motion for new trial where it appeared that defendants appeared and answered, for they thereby submitted themselves to the jurisdiction of the court.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Amelia Carson and others against Willia
Mann and others.    Judgment for plaintiffs.    Defendants appe
Affirmed.

Action of ejectment, Amelia Carson and others agair
William Mann and others, begun by filing complaint January
1901, in the United States Court in the Southern District
Ardmore, praying for the recovery of certain premises a
damages for the detention by defendants thereof in the sum
$150.    The complaint is not signed by either the plaintiff or a
one representing her as attorneys.    Defendants William Ma
and B. Askew, on May 16, 1901, filed their answer, and aft
wards, on February 8, 1902, filed an answer denominated on
back "Answer Substituted."    On May 17, 1901, plaintiffs fil
demurrer to the answer of the defendants, which demurrer w
signed by the attorneys for plaintiffs.    So far as the reco
discloses, no action was taken upon this demurrer, but, as abo
noted, defendants filed a second answer, in which last answ
they deny in general terms the allegations of the complaint.    (
May 15, 1902, the above case was called in its regular order f
trial, and tried to a jury, plaintiffs appearing in person and
attorney, but the defendants, although having answered, fail
to appear.    Evidence was introduced to the jury.    Instructio
of the court were given to the jury, and the jury returned a ve
dict finding for plaintiffs for possession of the land and improv
ments and for $150 as damages, on which verdict judgment w
duly pronounced by the court on said day.    On July 1, 190
the defendants filed their motion for a new trial, which, on t
same day, was heard by the court, and overruled, and exceptic
taken to the ruling of the court.    Defendants prayed and we
allowed an appeal, and the case stands in this court on su
appeal.

*Dick & Lee, Rider & Lewis, P. L. Soper,* and *G. E. Rider* appellants.

*A. B. Person, R. H. West,* and *Brown & Marsh,* for pellees.

GILL, J.   In this case, as disclosed by the record, judgent was pronounced by the court on the verdict on May 25, 02.   Motion for a new trial was filed July 1, 1902.   It does not pear that such motion was presented in accordance with secn 5153, Mansf. Dig. (Ind. Ter. St. 1899, § 3358), which reads follows: "The application for a new trial must be made at e term the verdict or decision is rendered, and, except, for the use mentioned in subdivision seven of section 3356, shall within three days after the verdict or decision was rendered, less unavoidably prevented." The record does not disclose at July 1, 1902, was one of the days of the same term of court which the judgment was pronounced. The record does disse the fact that the defendants filed their motion for a new ial about 45 days after the judgment was pronounced. There as no attempt on the part of the defendants to present to the ial court any reasons for the long delay in the presentation of e motion for a new trial, or that the defendants had been unoidably prevented from filing such motion for a new trial. he motion for a new trial itself, it is true, recites that defendants ve just learned of the existence of the judgment, but this atement is wholly unsupported by affidavit or otherwise, and es not show that defendants were unavoidably prevented om filing their motion for a new trial. They had filed their nswer in the case, and, having appeared therein, were presumed know and to have followed each and every step therein, and e bound by the records of the court, and the court committed error in overruling the motion for a new trial, as the same was ed out of time, and without leave of court or other reason, and

such motion for a new trial was subject to be stricken from the record as having been filed out of time.

But it is urged by the defendants in this case that the court below, in pronouncing its judgment, was without jurisdiction to do so, inasmuch as the judgment was founded upon a complaint which bore neither the signature of the plaintiff nor her attorneys. The record is wholly silent as to whether or not the defendants ever raised this question to the court below, and it must be taken for granted that the defendants seek to raise this question upon their motion for a new trial for the first time in the case in this court. The record does disclose that to this unsigned complaint the defendants voluntarily appeared and answered, and submitted themselves to the jurisdiction of the trial court, and, having so submitted themselves, they are bound by the action of the court and its judgment in such case.

We are therefore of opinion that there is no error in this record, and that the judgment of the lower court should be, and hereby is, affirmed.

RAYMOND, C. J., and CLAYTON, J., concur.